IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOANNA CIESIELSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 03 C 1175 |
| v. | ) |
| | ) |
| HOOTERS MANAGEMENT CORPORATION, | ) |
| and HOOTERS ON HIGGINS, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendants Hooters Management Corporation and Hooters on Higgins, Inc. (collectively "Hooters") bring this post-trial motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), or in the alternative, a new trial pursuant to Rule 59(a).[1] For the following reasons, the Court denies Defendants' motion.

### BACKGROUND

On February 18, 2003, Plaintiff Joanna Ciesielski filed a four-count Complaint against Defendants alleging a hostile work environment claim, failure to supervise, intrusion upon the seclusion of another, and intentional infliction of emotional distress. After the Court granted Defendants' Motion for Summary Judgment as to all claims except Plaintiff's hostile work environment claim, the case proceeded to trial.

---

[1] Although Defendants style their motion in the alternative under Rule 59(a), they do not cite any legal authority in support of their motion for a new trial. The Seventh Circuit has repeatedly recognized that perfunctory and undeveloped arguments that are not supported by pertinent authority are waived. *See Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005). Accordingly, Defendants have waived their alternative basis for this motion.

At the close of Plaintiff's evidence, **Defendants** moved the Court for a directed verdict as to punitive damages. (Trial Tr. at 1485.) **Defendants also** moved the Court for a directed verdict on the constructive discharge claim, which was an issue related to damages. (*Id.* at 1486.) Further, Defendants moved to strike the sexual harassment claim as to Plaintiff's supervisors. (*Id.* at 1487.) Defendants also moved to strike any reference to claims for compensatory damages. (*Id.* at 1488.) Finally, Defendants moved for a directed verdict on the remaining claims. (*Id.* at 1489.) The Court took Defendants' motion under advisement. (*Id.* at 1489-90.)

At the conclusion of all of the evidence, **Defendants** renewed their prior motion for a directed verdict. (*Id.* at 1732.) The Court denied **Defendants'** motion for judgment as a matter of law as to the supervisory claim, the case in its entirety, and the constructive discharge claim. (*Id.*) The Court took the punitive damages motion under advisement. (*Id.*)

On November 23, 2004, after a seven day jury trial, the jury found in favor of Plaintiff and awarded her $25,000 in compensatory **damages and** $250,000 in punitive damages. After the jury returned the verdict, Defendants renewed their motion for judgment as a matter of law concerning the punitive damages. (*Id.* at **1888.**) **The Court** took Defendants' motion under advisement. (*Id.*)

On November 29, 2004, Defendants filed their "Amended Rule 50 Motion for Directed Verdict on Plaintiff's Punitive Damages Claim." On December 23, 2004, the Court denied Defendants' Rule 50(b) motion regarding Plaintiff's punitive damages award. *See Ciesielski v. Hooters Mgmt. Corp.,* 2004 WL 2997648 (N.D. Ill. Dec. 27, 2004). After the Court denied Defendants' motion, it entered judgment on the verdict in favor of Plaintiff. Before the Court is Defendants' second Rule 50(b) motion in which Defendants argue that the Court should grant

2

judgment as a matter of law as to punitive damages, compensatory damages, and the case in its entirety.

Before turning to the merits of Defendants' Rule 50(b) motion, the Court addresses Plaintiff's assertion that Defendants waived their arguments concerning compensatory damages and the case in entirety because they did not renew their Rule 50(a) motion for judgment as a matter of law at the close of all evidence. *See Laborers Pension Fund v. A & C Envtl., Inc.*, 301 F.3d 768, 775 (7th Cir. 2002) (motion for judgment as a matter of law must be made at the close of all evidence before it may be renewed after jury verdict). As discussed above, Defendants moved for judgment as a matter of law at the end of Plaintiff's evidence and at the close of all evidence concerning punitive damages, compensatory damages, and the case in entirety. Therefore, Plaintiff's assertion is factually incorrect.

Nevertheless, the Court must determine whether Defendants preserved the issues of compensatory damages and the case in its entirety for this second renewed motion under Rule 50(b). Rule 50(b) reads in pertinent part:

> If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment – and may alternatively request a new trial or join a motion for a new trial under Rule 59.

Although Defendants did not renew the motion concerning compensatory damages and the case in its entirety immediately after the jury returned the verdict, Defendants renewed their motion on these grounds within ten days after the judgment was entered. Because Defendants fulfilled the requirements of Rule 50(b), they have preserved the issues of compensatory damages

3

and the case in its entirety for the present Rule 50(b) motion.

## LEGAL STANDARD

When ruling on a motion for judgment as a matter of law following a jury verdict, the court does not re-weigh the evidence presented at trial or make credibility determinations. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Instead, considering the totality of the evidence, the court determines whether the jury was presented with a "legally sufficient amount of evidence from which it could reasonably derive its verdict." *Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.3d 922, 924 (7th Cir. 2000). In other words, the court must determine whether any rational jury could have found for the plaintiff. *Harvey v. Office of Banks & Real Estate*, 377 F.3d 698, 707 (7th Cir. 2004). In determining a motion under Rule 50(b), the court views the evidence and all reasonable inferences in a light most favorable to the party who prevailed under the verdict. *Reeves*, 530 U.S. at 150-51.

## ANALYSIS

### I. Case in Entirety

Defendants argue that the totality of the evidence presented at trial fails to constitute a hostile work environment under Title VII. Specifically, Defendants contend that the peepholes in the changing room did not create a hostile work environment and the actions of the kitchen staff and managers cannot form the basis for a hostile work environment.

Defendants narrowly interpret the peephole evidence by arguing that Plaintiff only used the changing room once when it had a peephole, and that Plaintiff failed to present any evidence that anyone actually viewed her through the peephole. Defendants also argue that Plaintiff failed

4

to prove that the peepholes existed.

Trial testimony, however, refutes Defendants' narrow assessment of the evidence. For example, Plaintiff testified that while changing her clothes in the changing room, she heard men laughing and commotion when she removed various items of clothing. Further testimony indicates that Plaintiff repeatedly complained about the presence of the peepholes, the peepholes reappeared after being repaired, and management failed to promptly repair the peepholes or investigate who was responsible for the peepholes. Plaintiff also presented evidence that other women working at Hooters had similar experiences to Plaintiff regarding the peepholes.

Next, Defendants contend that the actions of the kitchen staff employees cannot form the basis for a hostile work environment claim because their comments amounted to mere teasing. Viewing the evidence in the light most favorable to Plaintiff, Defendants' argument fails. At trial, Plaintiff testified that she complained to her assistant managers that members of the kitchen staff made comments about her "boobs" and butt. The kitchen staff also made sexual comments about her and called her derogatory names. Moreover, Plaintiff testified that a kitchen staffer locked her in the cooler with him, and that kitchen staff members touched and rubbed her. A rational jury could have found for Plaintiff based on this evidence.

Defendants also claim that the actions of the assistant managers cannot serve as a basis for a hostile work environment. Specifically, Defendants argue that Assistant Manager Clint Unrue's conduct of touching Plaintiff's hair does not substantiate a hostile work environment claim. Defendants fail to examine other testimony, however, including the fact that Unrue called Plaintiff a "big titty ho." Defendants also argue that Assistant Manager Jimmy Rabbit's actions were innocuous, yet trial evidence indicates that Rabbit made repeated comments about

5

Plaintiff's butt and breasts and asked Plaintiff if she got "boob implants." There was also testimony that Rabbit touched Plaintiff and that Rabbit made sexually suggestive comments to her.

In sum, Defendants have picked out parts of the trial testimony and then attempted to explain how these incidences were innocuous or isolated. The Court, however, must consider the totality of the evidence and decide whether the jury was presented with a "legally sufficient amount of evidence from which it could reasonably derive its verdict." *Massey*, 226 F.3d at 924. Simply put, Defendants' arguments fail to establish that no reasonable jury could have found in favor of Plaintiff. *See Harvey*, 377 F.3d at 707. The Court denies Defendants' Rule 50(b) motion as to the case in its entirety.

## II. Compensatory Damages

Next, Defendants argue that the trial evidence does not support the jury's award of compensatory damages. The Court makes three inquiries when reviewing a compensatory damages award: (1) whether the award is "monstrously excessive;" (2) whether the award is roughly comparable to awards made in similar cases; and (3) whether there is no rational connection between the award and the evidence. *See Lampley v. Onyx Acceptance Corp.*, 340 F.3d 478, 483-84 (7th Cir. 2003) (citations and quotations omitted).

Defendants do not argue that $25,000 is "monstrously excessive," thus the Court turns to whether the award is roughly comparable to awards made in similar cases. "Awards in other cases provide a reference point that assists the court in assessing reasonableness; they do not establish a range beyond which awards are necessarily excessive." *See id.* at 485. Because Title VII cases are fact-specific, negative comparisons to similar cases are rarely dispositive. *See id.*

After reviewing cases involving comparable awards, the Court concludes that $25,000 is a reasonable amount under the circumstances. For instance, in *Lust v. Sealy, Inc.*, 383 F.3d 580, 589 (7th Cir. 2004), the plaintiff testified that she experienced symptoms of anxiety and other forms of emotional distress. The Seventh Circuit concluded that $27,000 was not an excessive compensatory damages award, reasoning that the plaintiff's "reactions may have been abnormal, but the tortfeasor takes his victim as he finds him (or in this case her)." *Id.* (citations omitted); *see also Tullis v. Townley Eng'g & Mfg. Co.*, 243 F.3d 1058, 1069 (7th Cir. 2001) (award of $80,185.68 for mental anguish and inconvenience in retaliatory discharge claim not excessive); *EEOC v. AIC Investigations, Ltd.*, 55 F.3d 1276, 1286 (7th Cir. 1995) (award of $50,000 reasonable based on emotion distress after wrongful firing).

Next, the Court turns to whether there is a rational connection between the compensatory damages award and the evidence. Here, Defendants contend that although Plaintiff discussed other problems with her therapist during the relevant time period, there is no record that Plaintiff discussed her work problems with her therapist. Accordingly, Defendants argue that Plaintiff failed to establish a rational connection between the sexual harassment and her emotional injury. In other words, based on her therapy records, Defendants claim that "any emotional suffering from the events at Hooters was essentially non-existent." (R.114-1, Def.'s Second Rule 50(b) Motion, at 11).

Defendants' reliance on an omission in Plaintiff's therapy records does not establish that there is no rational connection between Plaintiff's emotional injury and her work environment. Again, Defendants fail to discuss other relevant trial evidence in any detail. Without a more developed argument based on all of the evidence in the record, the Court would be hard-pressed

7

to conclude that there was no rational connection between the sexual harassment and Plaintiff's emotional injury. *See Massey*, 226 F.3d at 925 (courts do not overturn jury verdicts lightly). Therefore, the Court denies Defendants' Rule 50(b) motion for judgment as a matter of law concerning the jury's compensatory damages award.

## III. Punitive Damages

The Court has already denied Defendants' motion concerning Plaintiff's punitive damages award. The Court, therefore, construes Defendants' present motion as a motion to reconsider the Court's December 23, 2004, Memorandum Opinion and Order denying Defendants' Rule 50(b) motion to grant judgment as a matter of law regarding punitive damages. Under Federal Rule of Civil Procedure 59(e), a motion for reconsideration is subject to the discretion of the district court and serves the limited function of correcting manifest errors of law or fact. *See Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003); *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

In its December 23, 2004, decision, the Court reviewed the trial evidence in the context of the Supreme Court's three-part framework for determining whether punitive damages are appropriate under 42 U.S.C. § 1981a. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526, 545, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999). Viewing the evidence in the light most favorable to Plaintiff, the Court determined that there was sufficient evidence presented at trial for the jury to conclude that Hooters acted with the requisite mental state, that is, with knowledge that its actions may have violated federal law. The Court also concluded that the employees who discriminated against Plaintiff were managerial agents acting within the scope of their employment and that there was sufficient evidence presented at trial for the jury to conclude that

Hooters had failed to make a good faith effort to implement an anti-discrimination policy.

Here, Defendants do not point to any manifest error of law or fact for the Court to reconsider. In fact, Defendants second Rule 50(b) motion does little more than rehash the arguments brought in their first Rule 50(b) motion. *See Oto,* 224 F.3d at 606 (Rule 59 not vehicle for rearguing previously rejected arguments). The Court denies Defendants' motion to reconsider its initial decision denying Defendants' first Rule 50(b) concerning punitive damages.

## CONCLUSION

For these reasons, the Court denies Defendants' Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(b).

Dated: March 15, 2005

**ENTERED**

_[signature]_

**AMY J. ST. EVE**
**United States District Judge**